McCORMICK, Circuit Judge.
It appears from the record that John Carlovitz was postmaster at Milton, Santa Rosa county, Fla., from October 1, 18S5, to. June 30, 1888, and had given bond as such *853 postmaster, with approved securities. On January 6, 1888, the postmaster general made the following order:
“Order No. 4.
“Being satisfied that John Carlovitz, P. M., Milton, Santa Rosa county, Florida, has made false returns of business at the post office at said place during-the period from January 1, 1881, to March 31, 1887, in order to increase his compensation beyond the amount he would justly have been entitled to have by law: Now, in the exercise of the discretion conferred by the act of congress entitled ‘An act making appropriations for the service of the post-office department for the fiscal year ending June 30, 1879, and for other purposes,’ approved June 17, 1878 (section 1, chapter 259, Supplement to Revised Statutes), I hereby withhold commissions on the returns aforesaid, and allow as compensation (in place of such commissions and in addition to box rents and commissions on sales of waste paper, twine, etc.), deemed by me under the circumstances to be reasonable, during the period aforesaid, as follows: From January 1st, 1881, to March 31, 1883, the rate of $127.50 per quarter, and from April 1, 1883, to March 31, 1887, the rate of $152.50 per quarter, and the-auditor is requested to adjust his accounts accordingly.
“[Signed] Wm. F. Vilas, Postmaster General.”
In accordance with, the request in the foregoing order, the auditor for the post-office department made up the account' of the postmaster from October 1, 1885, to the end of the second quarter, June 30, 1888, showing a balance due the government by the postmaster of $339.29, which balance was thereafter duly demanded of the postmaster, and of the several sureties on his bond. The demand not being complied with either by the postmaster or his sureties, the government instituted this suit to recover the balance due.
Issue was joined on the defendants’ plea of payment. The government offered in evidence a duly-certified copy of Order USTo. 4, given above, a statement of account between the government and the postmaster from the office of the auditor for the post-office department showing the balance claimed, and made the proper proof of notice to and demand on the postmaster and the sureties on his bond. To the reading of the duly-certified transcript of the books of the United States treasury department showing the post-office account between the United States and the said John Carlovitz, postmaster, upon which account the suit was based, the defendants, by their attorneys, objected, because said transcript showed on the face thereof that the balance therein stated as due by said Carlovitz to the United States was the result of an arbitrary readjustment of the account of the said Carlovitz as postmaster by the auditor for the post-office department in pursuance of an order issued by the postmaster general, and that said transcript, in connection with the foregoing order of the postmaster general, could not make out ai prima facie showing of the indebtedness of the said postmaster,. Carlovitz, to the United States; which objection was sustained by the trial judge, and the transcript of the said statement of account-showing the balance sued for was excluded from the jury. The-plaintiff rested its case, and the court directed the jury to find a verdict in favor of the defendants, which was done, and judgment rendered thereon. The action of the court in excluding the evidence-offered is assigned as error, and we are of opinion that the assignment is well taken. Substantially the identical question involved. *854 in this assignment was presented to the supreme court in the case of U. S. v. Dumas, 149 U. S. 278, 18 Sup. Ct. 872, in which that court say:
“As to the competency, merely, of this evidence, there can be no question, for it is provided by section 889, Rev. St., that ‘in any civil suit in case of delinquency of any postmaster or contractor, a statement of the account, certified as aforesaid, shall be admitted in evidence, and the court shall be authorized thereupon to give judgment and award execution, subject to the provisions of law as to proceedings in such civil suits.’ ”
It is unnecessary for us to review the authorities, which are fully -cited and sufficiently reviewed by the supreme court in the case just ■cited. As said by Mr. Justice Jackson in the opinion in that case, there can be no question as to the competency merely of this evidence. There is just as little room to question that this evidence, standing alone, constitutes a prima facie case that would sustain and require a judgment in favor of the government. It is equally clear, however, that it constitutes onlv a prima facie case, and is subject to be met by other competent proof. It follows that the judgment of the court below should be reversed, and the cause remanded for further proceedings therein according to law, and it is •.so ordered.